IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


MELISSA L. KIRKLAND                                                    PLAINTIFF

v.                                    CIVIL NO. 20-cv-3018

ANDREW SAUL, Commissioner                                             DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Melissa L. Kirkland, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act").   In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on October 4, 2013, and October 8, 2013. (Tr. 188). In her applications, Plaintiff alleged disability beginning on November 23, 2012, due to: mitral valve prolapse; degenerative disc disease, a thyroid disorder, a blood disorder, Graves' disease, and anxiety. (Tr. 19, 188, 404). An administrative hearing was held on December 10, 2014, at which Plaintiff appeared and testified without the assistance of an attorney or other representative. (Tr. 47-61, 188). A vocational expert ("VE") also testified.  Id.

On September 21, 2015, the ALJ issued an unfavorable decision. (Tr. 185-196).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of

1

impairments that were severe: a thyroid disorder, mitral valve prolapse, endocarditis, degenerative disc disease, borderline personality disorder, an unspecified anxiety disorder, and a moderate alcohol abuse disorder in sustained remission. (Tr. 191). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 191-93). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to occasionally climb ramps and stairs as well as ladders, ropes and scaffolds and occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid even moderate exposure to hazardous machinery and unprotected heights. In addition, she is able to perform work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote with few variables and little judgment; and the supervision required is simple, direct and concrete.
> (Tr. 193-99).

The ALJ found Plaintiff would be unable to perform any of her past relevant work.  (Tr. 199). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of shredder, laundry sorter, or garment sorter.  (Tr. 199-200). The ALJ found Plaintiff was not disabled from November 23, 2012, through the date of his decision.  (Tr. 200).

On November 23, 2016, the Appeals Council found the evidence received after the hearing was not properly proffered to the Plaintiff, and the decision did not contain adequate evaluation of the global assessment of functioning (GAF) scores issued by Plaintiff's treatment providers, and remanded the case to an ALJ.  (Tr. 208-09).

A second administrative hearing was held on April 17, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 90-118). A VE also testified. Id.

2

On April 1, 2019, the ALJ issued an unfavorable decision. (Tr. 16-46). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: mitral valve prolapse, sinus tachycardia, mild lumbar spondylosis, cervical spondylosis; status post right shoulder and rotator cuff repair; gastroesophageal reflux disease; PTSD; bipolar I disorder, most recent episode depressed, severe; and borderline personality disorder. (Tr. 22-23). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 23-24). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk/sit six hours out of an eight hour workday with normal breaks; push/pull limitations pursuant to lift/carry limitations; can occasionally climb ramps/stairs, ladders/ropes/scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid even moderate exposures to hazards[,] machinery and unprotected heights; able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete; and can frequently reach with her right upper extremity in all directions including overhead.
> (Tr. 24-35).

The ALJ found Plaintiff would be unable to perform any of her past relevant work. (Tr. 35). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of price marker, plastics molding machine tender, or routing clerk. (Tr. 36). The ALJ found Plaintiff was not disabled from November 23, 2012, through the date of his decision. (Tr. 37).

The Appeals Council denied Plaintiff's request for review on January 15, 2010. (Tr. 9-13). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned

pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred in his evaluation of the medical opinion evidence, specifically in giving greater weight to the opinions of Dr. Nichols and Dr. Brownfield than the opinions of Dr. Ali and Dr. Hester; and 2) whether the ALJ erred by failing to evaluate the combined effects of all of Plaintiff's impairments. (Doc. 14 pp. 2-11). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.

*See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

      IT IS SO ORDERED this 30th day of December 2020.

                /s/   *Erin L. Wiedemann*
                HON. ERIN L. WIEDEMANN
                UNITED STATES MAGISTRATE JUDGE